Nostrand in the real estate business. The complaint alleges that Van Nostrand expended large amounts of money on account of the alleged copartnership, and that the defendants did not pay their proportionate shares. Upon the trial of the action at Special Term an interlocutory judgment was ordered in favor of the plaintiffs' testator on a decision, the basic finding of which was that the said Van Nostrand and the defendants had entered into an agreement of copartnership for the purpose of engaging in the real estate business, and decreed that the plaintiffs as executors of said Van Nostrand were entitled to a contribution for all advances made and moneys expended by their testator from the defendants, and that the copartnership should be dissolved and an account had and taken of moneys expended or received by the partners in relation thereto, and of all partnership dealings and transactions.

*Martin Conboy* for appellant.

*Herbert A. Heyn* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ.

---

ETHEL B. SCHMITT, as Executrix of the Estate of FRED C. MAYER, JR., Deceased, Respondent, *v.* WILLIAM H. NEVINS, Appellant.

*Schmitt* v. *Nevins*, 165 App. Div. 951, affirmed.
(Submitted June 2, 1916; decided June 16, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 1, 1914, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action is based on a written agreement between Fred C. Mayer, Jr., and defendant, dated March 4, 1909.

Defendant at that time owned ten shares of stock in a corporation which Mayer desired to buy and did buy at par. At the time of the sale the parties agreed that if Mayer ceased for any reason to be employed by said corporation, by which he was then employed, within five years thereafter, he would, " upon his retirement from the employ of said company," sell back to defendant the stock at the price paid, with interest at six per cent, less the amount of .any dividends paid. Defendant agreed to purchase the stock from him on these terms. Mr. Mayer died on May 21, 1911, leaving a will in which his wife was named as executrix, and, after she had qualified as such, she brought this action, first offering to defendant the ten shares of stock for the price named in the agreement. Mr. Mayer was in the employ of said corporation when the agreement was made and he continued in its employ until his death. The defendant denied that he was obligated, under the terms of the contract, to purchase said stock.

*William S. Haskell* for appellant.

*John B. Richards* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JACOB LUBAN, Appellant.

*People* v. *Luban*, 172 App. Div. —, affirmed.
(Argued June 2, 1916; decided June 16, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 29, 1916, which affirmed a judgment of the Kings County Court rendered upon a verdict convicting the defendant of the crime of forgery in the second degree.